### HALE v. UTSEY.

1. CHATTEL MORTGAGE—DEMAND FOR PAYMENT—FORFEITURE—CASE CRITICISED.—The demand by mortgagee on mortgagor, after condition broken in chattel mortgage, for payment of the debt, is not a waiver of the forfeiture, and does not revest title in the mortgagor. State *v.* Rice, (4) 43 S. C., 204, approved.

Before GARY, J., Greenville, July, 1894.

Action of claim and delivery by W. R. Hale against W. B. Utsey and J. B. Utsey, commenced November 6, 1893.

*Messrs. Haynsworth & Parker*, for appellant.

*Mr. Jos. A. McCullough*, contra.

July 12, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. The complaint in this case was for the recovery of personal property. It seems that W. B. Utsey had mortgaged this property on the 12th day of August, 1893, to secure a note for $150 due on the 1st day of November, 1893; that although no payment had been made on the note secured by the mortgage, yet that after the maturity of the note the plaintiff had on several times made demand of said W. B. Utsey for payment. The proof offered by the plaintiff at the trial fully sustained the debt, the mortgage being executed to pay it, that the condition of the mortgage had been broken, that the

debt was unpaid, that demand had been made for the delivery
of the mortgaged property after condition broken, and that this
demand had been refused by both defendants, who had the same
personal property in their possession. After all these facts had
occurred, this action was brought to recover said personal pro-
perty mortgaged. When the plaintiff's testimony had closed,
the defendants moved for a nonsuit on the ground that after the
condition broken of the mortgage, the mortgagee had demanded
payment of the debt secured by the mortgage of the mortgagor.
Judge Ernest Gary, as presiding judge, granted the motion,
and passed the following order: "The plaintiff in this case
having closed his testimony, and having testified that he made
frequent demands upon the defendant, W. B. Utsey, the mort-
gagor, for the payment of the money secured by the mortgage
after maturity of said mortgage, and before seizure of said
property, under authority of *Summer* v. *Kelly*, 38 S. C., 507,
defendants' attorney having moved for nonsuit, I hereby grant
said motion. [Signed] Ernest Gary, presiding judge. July
28, 1894." From this final order an appeal is now before us.
It is unnecessary to reproduce the grounds of appeal—four in
number—for they raise the question whether, after mortgage
broken as to personal property, the title to such personal pro-
perty reverts in the mortgagor, if a demand is made by the
mortgagee of the mortgagor for the payment of the mortgage
debt.

It would need but few words to show that the decision of
*Summer* v. *Kelly*, 38 S. C., 507, does not support the view taken
by the Circuit Judge, if the decision of this court in *State*
v. *Rice*, 43 *Id.*, 204, had not already settled that ques-
tion. Chief Justice McIver, in the case just cited, said:
"The only remaining exception is the third, which, under the
view we have taken of the first exception, presents no material
question, and would not be further noticed except for the pur-
pose of connecting a misapprehension which seems to have
arisen in regard to the effect of a former decision of this court
in the case of *Summer* v. *Kelly*, 38 S. C., 507. That case does
not decide that when a partial payment on a mortgage debt is
accepted by the mortgagee, it operates as the waiver of the for-

feiture (as it is incorrectly termed), for no such question was there presented; but the question there presented is thus distinctly stated by the justice who prepared the opinion in that case: 'Second, if payments of money arising from sales of mortgaged property by mortgagor be made to mortgagee, after a breach of the condition of the mortgage, will such payment, *if in full payment of debt secured by mortgage* [italics mine], cancel such debt and revest the title of the mortgaged property in the mortgagors?' That was the question presented by the evidence, and by the concurrent finding of the referee and Circuit Judge, for they both found as matter of fact, that the whole amount of the mortgage debt had been paid in full, and, hence, no question as to the effect of a partial payment of the mortgage debt, after condition broken, did arise, or could have arisen, in that case. There is, therefore, no warrant for supposing that the case of *Summer* v. *Kelly* decided that where the mortgagee of personal property accepted a partial payment on the mortgage debt, after condition broken, such acceptance operated as a waiver of the forfeiture (as it is called), and revested the title to the mortgaged property in the mortgagor. All that the case can be properly regarded as having decided is, that when the mortgage debt has been fully paid and satisfied, even after condition broken, the legal title to the mortgaged property is thereby revested in the mortgagor. It is true, that some of the language contained in the quotation made in that case from Hermann on Chattel Mortgages would seem to countenance the idea that the same effect would follow from a partial payment accepted by the mortgagee after condition broken, but the language italicized in that quotation manifestly shows that such authority was cited for the purpose only of showing the effect of a payment in full." The question in the case at bar is not as to a partial payment after condition broken, but is that of a demand made for payment of the mortgage debt after condition broken. The principle is the same in both cases. To our minds, the error of the Circuit Judge is fully made out.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the case be remanded to the Circuit Court for a new trial.